IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CV-197-FL

| | |
|---|---|
| KEVIN J. LABUDDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE PHOENIX INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court October 16, 2023, for hearing on plaintiff's motions to amend his complaint (DE 45) and for reconsideration of the court's order entered July 8, 2022, (DE 46) with Rebecca Huffman Ugolick appearing for plaintiff and Gemma L. Saluta and Taylor Marie Kinsey appearing for defendant. Plaintiff also was in attendance. For reasons set forth below and more fully discussed at hearing, the motion to amend is granted and the motion to reconsider is terminated as moot.

At hearing, plaintiff expanded upon arguments made previously by memorandum and set forth with specificity new factual allegations purportedly supporting claims against defendant for common law bad faith and violation of the North Carolina Unfair and Deceptive Trade Practices Act. See N.C.G.S. § 58-63-15. Upon inquiry by the court, plaintiff clarified the assertion that, except for subsection (k), defendant had violated all subsections of North Carolina General Statute § 58-63-15(11). Plaintiff expressed also his belief that defendant accepted the validity of the claims at issue when it issued partial payment for plaintiff's claim for losses stemming from

Hurricane Florence and created on its own initiative a claim for additional damage to plaintiff's home.

Defendant opposed plaintiff's assertions and arguments, including those referenced above. It disputed the validity of the factual allegations offered in support thereof, many of which it contended were available to plaintiff at the time he filed his original complaint. Defendant indicated also its position that plaintiff's newly added claims were futile where they would require the court to adopt standards for regulating industry that are more stringent than those adopted by the state legislature and relevant case law. Plaintiff responded that although at the outset of the case he knew some of the facts now alleged, the significance of those facts was lost on him until he learned more about insurance industry practice over the course of discovery.

After careful consideration, the court found that plaintiff met the lenient standard of Federal Rule of Civil Procedure 15(a)(2) and in its discretion granted plaintiff's motion to amend his complaint. Plaintiff's motion for reconsideration of the court's previous order was terminated as moot where, in the context of different factual allegations, the legal conclusions supporting dismissal of certain of plaintiff's original claims were not disputed.

Plaintiff then made oral motion to extend after the fact his deadline to complete expert disclosures, which by order entered March 10, 2023, elapsed June 19, 2023, where counsel was unable in part to meet the deadline because of her child's hospitalization. Defendant did not waive its objections with respect to engineering experts and asked that it be allowed to make additional expert disclosures if plaintiff's motion was granted. The court granted plaintiff's motion and instructed the parties to file a proposed consent order setting forth new expert deadlines among others, including a deadline for conduct of discovery making reference to a particular agreed upon date and time for defendant's inspection of the subject residence. While promoting utility of

alternative dispute resolution, the court exempted the parties from the ordinary mediation deadlines applicable in this district. It indicated willingness to refer the case also for court-hosted settlement conference at the appropriate time.

## CONCLUSION

Relying on representations made and understandings determined at hearing, plaintiff's motion to amend the complaint (DE 45) was GRANTED and plaintiff's motion for reconsideration (DE 46) was TERMINATED AS MOOT. Plaintiff shall file by **October 18, 2023**, his amended complaint. Defendant shall file answer within **21 days** of plaintiff's filing of his amended complaint. The parties shall file within **28 days** of plaintiff's filing of his amended complaint a jointly proposed order, setting forth remaining case management deadlines to govern this case going forward. In the event that the parties wish to participate in a court-hosted settlement conference, they shall file notice of three mutually agreed to dates for such conference.

SO ORDERED, this the 17th day of October, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge