IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-197-FL-BM

| | |
|---|---|
| KEVIN J. LaBUDDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| THE PHOENIX INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to stay [DE-73] ("motion to stay"), and on the motion to quash and for protective order [DE-77] ("motion to quash") filed by interested party, Lewis E. O'Leary ("Interested Party" or "Mr. O'Leary"). On November 12, 2024, the court held a telephonic hearing on the motion to stay and motion to quash, *inter alia* [DE-101],[1] during which counsel for plaintiff, counsel for defendant, and counsel for Mr. O'Leary were each heard regarding the motions.

For the reasons stated on the record during the telephonic hearing, defendant's motion to stay [DE-73] is DENIED AS MOOT, and Mr. O'Leary's motion to quash [DE-77] is DENIED AS MOOT.

As discussed on the record with counsel during the telephonic hearing, in light of the court's denial of Mr. O'Leary's motion to quash as moot, should a deposition of Mr. O'Leary proceed in this matter,[2] the court directs as follows. Unless otherwise ordered, prior to the

---

[1] Also pending before the court are (i) defendant's motion to compel [DE-68]; (ii) plaintiff's motion for protective order [DE-71]; (iii) defendant's motion to amend/correct answer [DE-86]; and (iv) plaintiff's motion to compel [DE-95]. During the November 12, 2024 telephonic hearing, the court also heard from counsel regarding each of these motions. These motions will be addressed by separate order.

[2] The instant order shall not be construed as ruling on the merits of any motion pending as of today's date, except for the motion to stay and motion to quash. This directive is included to address the scheduling concerns raised by

scheduling of any deposition of Mr. O'Leary in this matter, the parties are DIRECTED to confer with Mr. O'Leary's counsel regarding any physical limitations and appropriate accommodations, if any. If the parties and counsel for Mr. O'Leary are unable to reach an agreement regarding the scheduling of, or appropriate accommodations for, a deposition, counsel for all parties, including counsel for Mr. O'Leary, are DIRECTED to request a telephonic status conference before the undersigned. The parties shall jointly notify the case manager of the undersigned, Deputy Clerk Bobbie Horton, and provide mutually agreed upon suggested dates and times for such conference.

SO ORDERED, this 19th day of November, 2024.

_____
Brian S. Meyers
United States Magistrate Judge

---

Mr. O'Leary's counsel during the telephonic hearing and in the motion to quash, as well as to avoid unnecessary filings by the parties regarding the same should a deposition be allowed.